Petition for Naturalization of Peter Henry **BURKY,** also known as Pierre Henri **Burki.**

No. 557448.

United States District Court
E. D. New York.
April 15, 1958

Charles H. Buckley, New York City, for petitioner.

Maxwell M. Stern, U. S. Naturalization Examiner, Brooklyn, N. Y., for the U. S.

4. See Roehm v. Horst, 178 U.S. 1, 20, 20 S.Ct. 780, 44 L.Ed. 953.

BRUCHHAUSEN, District Judge.

The Court makes the following findings of fact:

1. On June 14, 1951, the petitioner, Peter Henry Burky, also known as Pierre Henri Burki, a citizen of Switzerland was legally admitted to the United States for permanent residence;

2. On February 13, 1952, the Swiss Legation requested petitioner's exemption from military service and training, pursuant to the Swiss Treaty of Friendship and Commerce of 1850, 11 Stat. 587;

3. The said Treaty contained the following provision:

"The citizens of one of the two countries, residing or established in the other, shall be free from personal military service."

4. On February 28, 1952, the petitioner was duly classified 4–C by his Local Board of the Selective Service System, pursuant to the aforesaid request by the Swiss Legation.

5. On August 6, 1953, the petitioner executed and filed with his Local Board the following instrument:

"Date: August 6, 1953

"I, a national of Switzerland hereby apply for exemption from military service in the Armed Forces of the United States on the ground that I am an alien and am entitled to such exemption under the terms of a treaty between Switzerland and the United States. My alien registration number is A–8038679. I have read the provisions of Section 315 of the Immigration and Nationality Act of 1952, given below, and I fully understand the meaning thereof.

"Pierre H. Burki
"Signature

"Section 315 of the Immigration and Nationality Act of 1952 [8 U.S. C.A. § 1426] provides:

"Sec. 315. (a) Notwithstanding the provisions of section 405(b), any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States.

"(b) The records of the Selective Service System or of the National Military Establishments shall be conclusive as to whether an alien was relieved or discharged from such liability for training or service because he was an alien."

6. On or about the 10th day of July 1956, the petitioner executed and submitted his application to file a petition for naturalization, wherein, among other things, he stated that he registered under the United States Selective Service laws and was exempted from service because of alienage.

The facts are not disputed. The petitioner claims that he was exempted from military service by virtue of the terms of the said Treaty.

The aforesaid Section 315(a) of The Nationality Act expressly provides that any alien applying for exemption from military service on the ground of alienage "shall be permanently ineligible to become a citizen of the United States."

Such ineligibility is defined by Section 101(a) (19) of the Act as follows:

"The term 'ineligible to citizenship,' when used in reference to any individual, means, notwithstanding the provisions of any treaty relating to military service, an individual who is, or was at any time, permanently debarred from becoming a citizen of the United States under section 3(a) of the Selective Training and Service Act of 1940, as amended (54 Stat. 885; 55 Stat. 844), or under section 454(a) of Appendix to Title 50, or under any section of this title, or any other Act, or under any law amendatory of,

supplementary to, or in substitution for, any of such sections or Acts."

Under these circumstances, the petitioner's application for naturalization must be and is denied.